[No. 8,030. Department One.—September 30, 1884.]

## JOHN C. BLAND, Respondent, *v.* THE SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

Railroad — Expulsion of Passenger from Car — Personal Injury — Care and Duty.—A passenger who is forcibly expelled from a railroad car, and receives an injury to his person, is not required to exercise the highest degree of care and caution to avoid the consequences of such injury. It is enough that he uses reasonable care under the circumstances, and the question is one for the jury. Section 487 of the Civil Code imposes a positive duty on the conductors and managers of railroad trains, but not on passengers.

Evidence — Effect of Injury — Testimony of a Non-Expert.—A plaintiff, though not an expert, may testify as to the immediate physical consequences of an injury received by him.

Appeal from a judgment of the Superior Court of the county of Santa Clara, and from an order refusing a new trial.

Action for damages for injuries caused by the forcible expulsion of plaintiff from a car of defendant. The ground of the expulsion was the refusal of the plaintiff to exhibit a ticket, or pay the full amount of fare required by the regulations of defendant. The plaintiff had entered the car with the design of going from San Jose to San Francisco, but had not purchased a ticket. The rate of fare when paid upon the train was slightly in excess of the amount charged at the ticket office. The plaintiff refused to pay the excess and was expelled. After his expulsion, the plaintiff walked back to the nearest railroad station and took passage for San Francisco. There were inhabited houses nearer the place where the plaintiff was expelled than the station where he again took the train. The other facts appear in the opinion.

*McKisick & Rankin, Moore, Laine & Johnston,* and *J. E. Foulds,* for Appellant.

*D. M. Delmas,* for Respondent.

The COURT.—1. The first point made by appellant is that the verdict is contrary to the evidence, for the reason that plaintiff was rightfully expelled from the train of defendant, without unnecessary force, and at a proper place.

Appellant contends the evidence proved that the conductor of the train offered to return, and did return to plaintiff the two dollars paid as and for his fare, before he ejected plaintiff from the car.

The plaintiff testified: "When we got to the platform he put his hand in his pocket and handed me the two dollars, holding me all the time with the other hand. As he gave me the money he shoved me off. The conductor did not return or offer to return the two dollars I had paid him, or any portion of it, until he thus shoved me off." The fare claimed by the conductor was two dollars and twenty cents. There was at least a substantial conflict in the evidence as to the point whether the two dollars, handed by plaintiff to the conductor, were or were not returned before the latter commenced to remove the plaintiff, or stopped the train. The evidence is very different from such as it appeared in the record when the case was here before. (*Bland* v. *S. P. R. R. Co.* 55 Cal. 570.) We cannot say the verdict, so far as it is based on the question of fact above considered, should have been set aside.

2. Appellant contends the court below erred in permitting plaintiff to testify, as an expert, to the consequences of the injuries by him sustained.

We can see no impropriety in permitting the plaintiff to testify that he had lost a leg, with reference to the construction of an artificial leg used by him, and as to the effect upon the stump of a blow or jar. The question was put to the witness: "Describe to the jury what effect this injury, this shock, produced upon your general system, especially upon your nervous system, your head and spinal column?" This question was answered at length, but no objection was made to the question, nor did defendant move to strike out the answer. Subsequently the

witness was asked what effect " the accident" had upon particular organs. To this question the defendant objected as " irrelevant, immaterial, and incompetent."

Of course, the mere fact that the plaintiff discovered that the organs in question had wasted away perceptibly six or eight months *after* " the accident," and that from thence the atrophy continued, would not necessarily prove that the decline was a consequence of plaintiff's expulsion from the car. In passing upon the admission of such evidence, the court must be careful not to be misled by the fallacy *post hoc, ergo propter hoc*. But unless we can say that no immediately perceptible evil effects could have been produced upon the organs referred to in the question, we cannot say the objections to the *question* should have been sustained. There are consequences immediately following upon every bodily injury, palpable to the senses, and to which the non-expert is competent to testify.

3. No objection was made to the hypothetical question propounded to the medical experts by counsel for plaintiff.

4. Appellant contends that an instruction of the court, permitting the jury to consider the " voluntary walk" of plaintiff as an element of damage, was erroneous.

The question whether the walk to the station at Santa Clara was a prudent act for plaintiff under the circumstances was left to the jury. We think the statute (Civ. Code, § 487) does not impose the absolute duty upon a passenger evicted from a car to go to the nearest dwelling-house, there to remain until he can be returned by carriage to his home, or to the station at which he entered the car. Whether the train was stopped " near" a dwelling-house, within the meaning of the Code, was itself a matter of fact to be determined by the jury. The direction of section 487 of the Code, to conductors or managers of railroad trains, imposes on *them* a positive duty, not upon the passenger removed. The very highest degree of care and caution is not required of the expelled traveler. It is sufficient if he uses such prudent care as is reasonable under the circumstances, and that matter was submitted to the jury.

The court stated to the jury that plaintiff *claimed* that concussion of the *spine* had been produced by his expulsion from the car, and the distance he " was required to walk." And the

court said: "It is for you to determine from his evidence whether concussion of the spine has been suffered by plaintiff, and if so, whether it was in consequence of his removal from the car, and the walk which followed upon it, or some other precedent or subsequent cause," etc.

It is not urged by appellant that the jury were led to believe that in the opinion of the court, it was a prudent and necessary thing for plaintiff to walk back to the station. It is not claimed that the court charged as to a matter of fact (in violation of the constitutional provision), but that the court should have held, as matter of law, that the walk was not necessary, and ought to have refused to charge that any injury produced by the walk *could be* considered in finding damages. We think, however, if a certain necessity to take the walk was imposed on plaintiff by his expulsion from the car, by which is not meant that the walk was indispensable, or the most prudent thing which plaintiff could have done, but that it was that which ordinary prudence and caution dictated as the better course to pursue, in order to avoid more inconvenience or discomfort, the walk became a direct consequence of the expulsion within the rule which allows damages for the direct consequence of any trespass.

Judgment and order affirmed.

Hearing in Bank denied